UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| United States ) | |
| ) | |
| v. ) | No. : 20cr10070-1 DPW |
| ) | |
| Gavin MacPhee, ) | |
| Defendant. ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Gavin MacPhee respectfully requests that this Court impose a sentence of twenty-four (24) months supervised release, which is within the advisory guideline range. As grounds therefore, defendant states that his personal history and the circumstances of this offense warrant such a sentence.

On May 20, 2020, Gavin MacPhee made his initial appearance in U.S. District Court via Zoom due to the COVID-19 pandemic. On that same day, Mr. MacPhee also pled guilty to a one-count Information which charged Destruction, Alteration, or Falsification of Records in Federal Investigation, in violation of 18 U.S.C. § 1519.

Since his arrest, Mr. MacPhee has been on an unsecured signature bond and he has been residing with his family in Massachusetts. The U.S. Probation Office has prepared a Pre-Sentence Report ("PSR") in this case and found that the total offense level is 13, 12-18 months. Probation has also determined the total criminal history score is zero (0), resulting in a criminal history category of I.

Defendant submits this memorandum in order to assist the Court in fashioning the most appropriate sentence, as constitutionally required by the Supreme Court in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This memorandum will

supplement the Presentence Report ("PSR") and set forth additional reasons why this Court should adopt the recommendations set forth below.

The United States Supreme Court has repeatedly affirmed individualized assessments accomplished by considering applicable 18 U.S.C. § 3553(a) factors in fashioning an appropriate sentence. See e.g. *United States v. Booker*, 543 U.S. 220, 259-260 (2005); *Rita v. United States*, 551 U.S. 338 (2007); *Gall v. United States*, 552 U.S. 38 (2007); See *Pepper v. United States, 562 U.S. 476, 487-88 (2011)*. Moreover, the U.S. Supreme Court has highlighted Congress's directive that: "[n]o limitation . . . be placed on the information concerning the background, character, and conduct of a defendant that a district court may receive and consider for the purpose of imposing an appropriate sentence." *Pepper*, supra at 490-91, citing 18 U.S.C. § 3661.

With respect to application of the Guidelines, the district court cannot presume that the Guidelines range applies to any particular case. *Rita*, supra at 338 (2007). Rather, the Guidelines are simply a starting point from which the district court then has the discretion to "conduct an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come. *Pepper*, supra at 489-90. Sentencing under Section 3553(a) therefore requires the Court to start with the minimum sentence permissible and add only so much additional punishment, if any, as is necessary to comply with Section 3553(a)'s purposes. See *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (Section 3553(a) "as modified by Booker, contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing.…") irrelevant when a court is weighing the statutory factors apart from the guidelines." *United States v. Smith*, 445 F.3d 1, 5 (1st Cir. 2006).

*Personal History*

Mr. MacPhee is currently 27 years old. He was born in Elgin, Scotland to working parents in an intact family. He initially came to the US to work as a soccer coach with Global Premier Soccer on a P-1 visa. In 2013, the defendant began a relationship with Samantha (nee Vazquez) MacPhee. In September 2017, the couple married. Samantha is employed as a director at a daycare. The couple have one child, Theo, born September 7, 2019.

Since December 2018, Mr. MacPhee has resided in Marlborough, MA with his wife child and his wife's parents, who live in an in-law apartment in the basement.

From the time of his arrest, the Defendant has been very clear about his role in the offense and his complete remorse for his conduct.

## CONCLUSION

Given the nature of the offense, Defendant's personal history as set forth more fully in the PSR, possible immigration consequences in this case, the defendant respectfully requests this Honorable Court fashion a sentence "sufficient but not greater than necessary," as provided for in 18 U.S.C. § 3553(a). The Defendant would urge the Court to adopt the Guideline Calculation proposed in the PSR and impose a sentence at the low end of the Guideline range.

Respectfully submitted,
Gavin MacPhee,
By his attorney,

_____
Ivan E. Mercado
MA BBO No. 633947
MERCADO & RENGEL, LLP
1330 Beacon St. Ste. 300
Brookline, MA 02446
Phone: 617-284-6700
Email: ivan@mercadorengel.com

## **CERTIFICATE OF SERVICE**

    I, Ivan E. Mercado, hereby certify that a true and accurate copy of the foregoing motion has been served on all parties of record by the CF/ECM system.

                                                                     Ivan E. Mercado

Dated: October 31, 2022