UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Criminal No. 20-cr-10070-DPW |
| GAVIN MACPHEE | ) |
| Defendant. | ) |

### GOVERNMENT'S SENTENCING MEMORANDUM

Gavin MacPhee was charged by Information with a violation of 18 U.S.C. § 1519 (destruction, alteration, or falsification of records in a federal investigation), and is scheduled to be sentenced on November 16, 2022. The government respectfully requests that the Court sentence MacPhee to one year of probation, with the first four months of his probationary term to be served on home detention[1], and to pay a $100 special assessment.

### I. Background and Guidelines

During the relevant time, the defendant held several roles at Global Premier Soccer ("GPS"), including office-based roles in administration and marketing. PSR ¶11. In connection with MacPhee's administrative role, he managed GPS' website and assisted with the management of GPS email accounts. *Id.* at ¶12. In October 2019, the government executed a search warrant at GPS headquarters in Waltham, Massachusetts. *Id.* at ¶13. The defendant was aware of this fact. On or about December 5, 2019, the defendant deleted a GPS email account belonging to his friend, another former GPS employee. *Id.* at ¶¶14-15. On May 20, 2020, MacPhee pled guilty to a one

---

[1] According to the U.S. Probation Office, the practical implications of home detention are the defendant is confined to his/her residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by Probation. The government recommends home detention as opposed to another type of home incarceration in part because the defendant is gainfully employed.

count Information based upon his intentional deletion of the account.

The parties agree with the United States Probation Office's calculation of the Sentencing Guidelines set forth in the final PSR ¶¶20-29. The PSR correctly calculates the total offense level of 13. *Id.* at ¶29. Specifically, the parties and Probation agree that the base offense level is 14. *Id.* at ¶20; U.S.S.G. §2J1.2(a). Additionally, the parties and Probation agree that the offense involved the destruction of a substantial number of records, and accordingly the applicable offense level is increased by two levels. PSR at ¶21; U.S.S.G. §2J1.2(b)(3)(A). While the employee's original GPS email account (as it existed prior to its deletion in December of 2019) is no longer available, the government can use the data it has from its seizure of the employee's computer during the search warrant in October 2019 as a benchmark. At that time, the employee's email account had a substantial number of records—approximately 142,000 emails. The parties also agree that the defendant is entitled to a three-level reduction based upon his acceptance of responsibility. PSR ¶¶27-29; U.S.S.G. § 3E1.1. With no prior convictions, MacPhee's criminal history category is I, and his Guidelines Sentencing Range is therefore 12–18 months. PSR ¶¶33-34.

II.     **Argument**

The government's recommended sentence—one year of probation with the first four months to be served in home detention—is a reasonable and just outcome that is sufficient but not greater than necessary to achieve the goals of sentencing under 18 U.S.C. § 3553(a) for this defendant. To be clear, MacPhee's actions are serious and general deterrence is particularly important. 18 U.S.C. § 3553(a)(2)(B). Individuals who find themselves within the sphere of a federal investigation need to understand that resorting to the deletion of files to obstruct or impede law enforcement's efforts will not be tolerated and that those actions have real consequences. For

any would-be criminal weighing his options before obstructing a federal investigation, the prosecution of MacPhee generally will have a measurable deterrent effect, not to mention the fact that MacPhee is now a convicted felon.

Fortunately, in this case, the potential for all pertinent data from the computer to be destroyed was *not* fulfilled, because the government had email data from months prior preserved on the employee's physical computer as a result of the search warrant. While it certainly does not excuse the conduct, this fact bears on the nature and circumstances of the offense and therefore is also relevant in determining the appropriate sentence. 18 U.S.C. § 3553(a)(1). Although admittedly it is not a particularly helpful metric at this level of generality, the Sentencing Commission reports that, for the fiscal year 2020, courts employed variances in sentences for offenses under U.S.S.G. § 2J1.2 (obstruction offenses) in the majority of cases, with only 29 of 107 sentences being within the Guidelines. *See* United States Sentencing Commission, 2020 Annual Report and Sourcebook of Federal Statistics, Table 32, *available at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2020/2020-Annual-Report-and-Sourcebook.pdf

In assessing the history and characteristics of the defendant, a non-incarcerative sentence is also appropriate. MacPhee has not had any prior run ins with the law and by all accounts his character otherwise appears to be unblemished. He is employed and currently works two jobs. PSR ¶57. He also promptly accepted responsibility for his actions. These are also positive indicators that specific deterrence is not of the greatest concern here. Should MacPhee find himself in a position where he has access to employee email accounts again, he has seen and will continue to live out the consequences of his poor choices.

**III.     Conclusion**

For all of these reasons and the reasons to be discussed at the sentencing hearing, the government respectfully requests that the Court impose a sentence of one year of probation and require that MacPhee serve the first four months of his probationary term on home detention. The government also requests that the Court impose a $100 special assessment.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

by: /s/ Mackenzie A. Queenin
MACKENZIE A. QUEENIN
BENJAMIN A. SALTZMAN
Assistant U.S. Attorneys
One Courthouse Way
Boston, Massachusetts 02210

**CERTIFICATE OF SERVICE**

     I, Mackenzie A. Queenin, certify that on this 9th day of November 2022, I caused this document to be filed via the ECF system.

                                                      /s/ *Mackenzie A. Queenin*
                                                      Mackenzie A. Queenin
                                                      Assistant U.S. Attorney

Dated:  November 9, 2022